UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASON JACKSON** | **CIVIL ACTION NO.: 3:23-cv-01591-JWD-EWD** |
| **VERSUS** | **JUDGE: JOHN W. deGRAVELLES** |
| **MURPHY PAUL, in his official capacity, capacity, STEVEN NEVELS, in his individual capacity, BATON ROUGE POLICE DEPARTMENT, BRPD JOHN DOES 1-2, in their individual capacities, CITY OF BATON ROUGE and PARISH OF EAST BATON ROUGE** | **MAGISTRATE JUDGE:**<br>**ERIN WILDER-DOOMES** |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1), 12(b)(6), 12(e), 17(b)(3) <u>ON BEHALF OF STEVEN NEVELS</u>**

Defendant, Officer Steven Nevels, in his official and individual capacity, submits this motion to dismiss, requesting this Court to dismiss all claims against him for failure to state a claim and as being vague and ambiguous. Further, all claims against Officer Nevels, in his official and individual capacity should be dismissed as he was, at all times, acting in his official capacity as an officer with the Baton Rouge Police Department (hereinafter referred to as "BRPD") based on qualified immunity as provided by the Eleventh Amendment.

**I.    BACKGROUND OF COMPLAINT FILED**

Plaintiff filed suit November 13, 2023, regarding a May 10, 2023, police stop by Officers Tafari Beard and Steven Nevels. Plaintiff, Jason Jackson, alleges that he consented to the officers' search of his vehicle. Plaintiff, Jason Jackson, further alleges that despite the officers not finding

1

any evidence of wrongdoing, he was handcuffed; placed in Officer Beard's vehicle; and taken to the Brave Cave where he was assaulted by John Doe 1 and John Doe 2.

Plaintiff's Complaint and/or Amended Complain fails to state any allegations of wrongdoing against Defendant, Officer Steven Nevels, in either his individual and official capacity. In fact, the only allegations in the Complaint and Amended Complaint referencing Defendant, Steven Nevels, are that he is an officer with BRPD and that he was present at Plaintiff's traffic stop, neither of which are violations of any civil rights of plaintiff. The Complaint states in pertinent part that Nevels was with Officer Beard at the time plaintiff was pulled over. Further, plaintiff alleges that Nevels remained at the scene of the stop with plaintiff's vehicle. Generally, plaintiff alleges that Officer Nevels held plaintiff for too long at the stop, but does not state how any harm was done to him. Moreover, any allegations of actions at the "BRAVE cave" would not be applicable and have not been alleged against Officer Nevel.

Accordingly, even taking the facts as presented by plaintiff, defendant, Officer Nevels', actions during the traffic stop on May 10, 2023, were in his official capacity as a Baton Rouge police officer. Hence, said actions, which we contend were not violative of any constitutional rights, are subject to qualified immunity that "protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011). Moreover, plaintiff fails to state any claim against defendant for which relief can be granted.

## II.     LAW & ARGUMENT

### a.  Rule (b)(1) Motion to Dismiss

Defendant asserts any monetary relief is barred against Defendant, Officer Steven Nevels, in his official capacity with BRPD under the Eleventh Amendment and thus he is entitled to qualified immunity. "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted). Here, there are no allegations with respect to Officer Nevels that supports such a claim to be brought or that defeats immunity. In fact, the claims against him are consistent with Officer Nevels' job duties.

The Eleventh Amendment bars citizens from suing the state in federal court, U.S. Const. amend. XI; see also *Hans v. Louisiana*, 134 U.S. 1, 11, 10 S.Ct. 504, 33 L.Ed. 842 (1890), unless the state has waived its sovereign immunity. *Ysleta del Sur Pueblo v. Texas*, 36 F.3d 1325, 1335 (5th Cir.1994). Louisiana has expressly declined to waive its immunity under the Eleventh Amendment, *see* La.Rev.Stat. Ann. § 13:5106(A) which provides that suit can only be brought against the state, or its functionaries, in the state courts of Louisiana and *Richardson v. Southern University*, 118 F.3d 450, 453 (5th Cir.1997) all of which hold that Louisiana has not waived its sovereign immunity for suits brought in federal court. Simply naming Officer Nevels and claiming that he was present at the arrest does not defeat immunity. To the extent that there is a claim made, which we disagree there are, they do not state any action for Officer Nevels that would be outside of his official duties as a police officer. Moreover, as noted above and to follow, there are no cognizable claims made which would be outside of the authority granted his position.

3

The Supreme Court in *Pennhurst State School and Hospital v. Halderman* 465 U.S. 89, 117, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), held that sovereign immunity barred federal courts from hearing state law claims brought in federal court against state entities. Defendant, Officer Nevels, shares the same immunity of the state vis-à-vis the lack of waiver of immunity by Louisiana, its local municipalities and the police department.

With the Eleventh Amendment codifying state sovereign immunity, the federal court lacks subject matter jurisdiction of Defendant, Officer Steven Nevels, in his official capacity as an officer with BRPD and for any decisions or actions taken under the color of his authority. Moreover, it is clear that plaintiff's allegations that defendant's actions - he was at the traffic stop and remained behind with plaintiff's vehicle, but did not go to and is not alleged to have gone to the "BRAVE cave" – are actions consistent with defendant's job as a police officer.

As noted in *Shipp v. McMahon*, 234 F.3d 907 (5th Cir. 2000), the qualified immunity analysis involves a two-step process. First, plaintiff must establish a violation of a clearly established constitutional right. *See Siegert v. Gilley,* 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991); *Wooley v. City of Baton Rouge,* 211 F.3d 913, 919 (5th Cir.2000). Once that determination is made, the next step is to determine whether the official's conduct was objectively reasonable at the time of the incident. *Sanchez v. Swyden,* 139 F.3d 464, 467 (5th Cir.1998); *Mangieri v. Clifton,* 29 F.3d 1012 (5th Cir.1994). Thus, in this matter, plaintiff fails to show an unreasonable violation of a clearly establish constitutional right by any specific actions of Officer Nevels and, therefore, the defense of qualified immunity will sustain a motion to dismiss under Rules 12(b)(6) and 12(b)(1).

### b. Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion tests the sufficiency of the complaint. Defendant, Steven Nevels, attacks the Plaintiffs' complaint for failure to state a claim where it lacks a cognizable claim. Ramming v. U.S., 281 F.3d 1338 (5th Cir. 1994). The Fifth Circuit explained that conclusory allegations and unwarranted deductions of fact are not accepted as true, referring to *Kaiser Aluminum Sales v. Avondale Shipyards*, 677 F.2d 1045 (5th Cir. 1982). Moreover, merely making accusations not based in fact are not to be accepted as such, even when couched or described that way. *Bell, infra*.

Plaintiff's complaint failed to state a claim against Officer Nevels on which relief may be granted as it fails to plead facts sufficient on its face to plausibly state a claim. The allegations are insufficient and unclear. Though plaintiff makes many speculative and illogical leaps in order to supposedly connect dots while making numerous assumptions of fact; however, none of the speculation is supported in any way (even if doubtful in fact). In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007). Simply restating the gist of plaintiff's claims, plaintiff alleges that Officer Nevels was not involved in the actions at the "BRAVE cave" but was somehow responsible because he took part in a traffic stop. Plaintiff further alleges that the events at the "BRAVE cave" are somehow the direct result of the traffic stop but does not make any specific allegation as to the actions of defendant which are the cause in fact of the "BRAVE cave" actions.

A complaint is subject to dismissal under Rule 12(b)(6) if it fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir.2010). The language of a complaint must show the plausibility of the

right to relief.  To survive dismissal, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  Also, the *Bell* court went on to state that if a plaintiff fails to allege facts sufficient to nudge the claims across the line from conceivable to plausible the complaint must be dismissed. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell* at 555. Further, Rule 8 "marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  Hence, it is clear that mere assumptions, conclusory statements and accusations of violations are insufficient to support a claim's survival of a Rule 12 motion.

 Whether a claim has sufficient facial plausibility is determined based on whether the factual content rather than mere allegations allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Thereafter, the court's responsibility is to determine whether the plaintiff stated a legally cognizable claim that is plausible. *Doe v. Covington County School District*, 675 F.3d 849 (5th Cir. 2012).  Further, the allegations must be sufficient "to raise a right to relief above the level of speculation, and the pleadings must contain something more than a mere suspicion of a legally cognizable right of action. *Bell*, *supra*.

 Defendant, Steven Nevels, asserts that, based upon Plaintiffs' failure to state a cognizable claim against him is official capacity, he is entitled to qualified immunity based on actions taken by him in his official capacity as an officer with BRPD. Accordingly, he is entitled to Eleventh

6

Amendment immunity for asserted violations of State law and cannot be brought into federal court for enforcement of state law claims against him in his official capacity. *Perez v. Texas A. M. University at Corpus Christi*, 2014 U.S. App. Lexis 21173 (5th Cir. Tx., 11/2014).

A claim against a state agency or its officials must be barred for monetary damages and injunctive relief under Eleventh Amendment unless the State has waived its immunity, and Louisiana has not done so. *Mathi v. Board of Supervisors of Louisiana State University*, 959 F Sup. 2d 951 (U.S. District Court for the E. D. of La.), affirmed by *Mathi v. Board of Supervisors of Louisiana State University, et al* (U.S. App. Lexis 25768 (5th Cir. La. 12/2013*). Griffith v. La.,* 808 F. Supp. 2d 926 (E.D. La. 2011).

There are no actual actions alleged in the complaint and amended complaint on the part of Defendant, Steven Nevels, which would support a finding that he could be held liable for any actions in his official capacity as an officer with BRPD. As noted previously, Officer Nevels was simply at the traffic stop and took no part in any actions alleged throughout the complaint which plaintiff claims gives rise to his injury, violation of his civil rights or his damages.

More importantly, there are no factual allegations lodged by Plaintiffs that defendant, Steven Nevels, was present, witnessed, participated in or had any knowledge of any of the specific activities that plaintiff claims allegedly harmed him. In fact, the allegations taken as true from the Complaint is that Officer Nevels was not at the "BRAVE cave" and was instead at the scene of the traffic stop. Given that Defendant, Officer Nevels, was acting in his official capacity as a police officer when he made the traffic stop, all claims against him should be dismissed with prejudice.

Plaintiff's complaint admits that Officer Nevels acted in the course and scope of his employment as a East Baton Rouge Police Officer. Officer Nevels is entitled to immunity from

the state law claims which have been made as well in accordance with La. R.S. 9:2798.1 which states, in pertinent part, "liability shall not be imposed on public entities or their officers or **employees** based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties." There is no doubt that Officer Nevels stopped plaintiff within the color of law. This has been addressed and clarified by the Louisiana Supreme Court. Immunity under La. R.S. 9:2798.1 is "clear and unambiguous" *Simmons v. Hughes*, 2019-1389 (La. App. 1st Cir. 11/25/2020), 316 So.3d 488, citing *Gregor v. Argenot Great Central Insurance Company*, 2002-1138 (La. 05/20/2003), 851 So.2d 959, 967; *Herrera v. First National Insurance Company of America*, 2015-1097 (La. App. 1st Cir. 06/03/2016), 194 So.3d 807, 814, *writ denied*, 2016-1278 (La. 10/28/2016), 208 So.3d 885.

  Lastly, Defendant, Officer Nevels, asserts that, based upon Plaintiffs' failure to state a cognizable claim against him in his official and individual capacities on the face of the complaint, this matter should be dismissed. Any allegations that Officer Nevels was somehow responsible for plaintiff's harm prior to or after the traffic stop would be unfounded and speculative. The allegations would also require logical leaps which are unsupported by even the alleged facts. The allegations that Officer Nevels was a participant in any illegal seizure, illegal search, illegal arrest, or failure to intervene are not based in fact. Further, they are not reasonable under the factual basis of the allegations contained within the Complaint itself.

  Plaintiff alleges that he was subjected to an unreasonable search in violation of U.S. Const. amend. IV. However, there is only a violation of this right "if the arresting officer lacks probable cause to believe that the suspect has committed a crime." *Bodzin v. City of Dallas*, 768 F.2d 722,

8

724 (5th Cir. 1985). Defendant, Officer Nevels clearly had probable cause to stop and search Jackson at the scene.

As such, the claims against Defendant, Officer Nevels, in his official capacity as a Baton Rouge Police Officer, and in his individual capacity must be dismissed based upon qualified immunity and a lack of factual basis for said allegations on the face of Plaintiffs's complaint.

In *Saucier v. Katz*, 533 U.S. 194 (2001) the Supreme Court's two-prong analysis for determining qualified immunity from suit is as follows: "do the facts alleged show the officer's conduct violated a constitutional right?" and "would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." If either condition is lacking, the defendants are protected by qualified immunity. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). As noted above, there are no allegations aside from general and broad assertions that defendant must have violated plaintiff's rights and that the traffic stop was the cause in fact of the actions at the "BRAVE cave". However, there are no substantive factual allegations of wrongdoing for defendant.

To overcome qualified immunity, plaintiffs "must allege facts specifically focusing on the conduct . . . which caused the injury." *Wicks v. Mississippi State Employment Servs.*, 41 F.3d 991, 995 (5th Cir. 1995). No such allegations were made. It is clear from the Complaint and Amended Complaint that there is no actual alleged behavior of Defendant, Steven Nevels, individually or as an officer with BRPD, which would support a finding that he took part in any activities plaintiff reports as harmful.

9

### c. Rule 12(e) Motion for Definitive Statement

A Rule 12(e) motion seeks a more definitive statement from the Complaint and Amended Complaint which would allow responsive pleadings to be made. Plaintiff's complaint is so vague and ambiguous that no reasonable defendant can respond. A motion for a more definite statement under Rule 12(e) is available where the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e) allows a party to seek a more definite statement of a pleading to which a responsive pleading is allowed. The allegations made against Defendant, Steven Nevels, in his individual capacity are non-existent. The only allegations made against Defendant, Steven Nevels, are that he, in his official capacity as an officer with BRPD, was present at a traffic stop. Moreover, the facts as set forth by plaintiff show that defendant remained at the scene of the traffic stop with plaintiff's vehicle.

As to claims against Defendant, Steven Nevels, individual capacity, he is alleged to have taken part in illegal seizure, illegal search, illegal arrest, or failure to intervene; however, there are no actual factual allegations on the face of Plaintiff's Complaint or Amended Complaint which support these conclusory statements. Plaintiff has lodged ambiguous claims based on mere speculation rather than facts to which Defendant, Steven Nevels, argues should be dismissed.

### III. CONCLUSION

Defendant, Officer Steven Nevels, requests that this Court dismiss the claims against him in his official and individual capacities. No factual allegations have been made regarding defendants' actions as an individual and as such no claims have been made for which this suit should proceed. As for the official capacity, defendant, Officer Nevels, asserts qualified immunity as provided by the Eleventh Amendment. The claims against defendant should be dismissed for

failure to state a claim. Moreover, a reading of the face of the complaint as they allege actions which would give rise to any claims against defendant are vague and ambiguous at best.

          Respectfully Submitted:

          DECUIR, CLARK & ADAMS, LLP

By:    */s/ Corey L. Pierce*
       Michael R.D. Adams, La. Bar No.: 22305
       **Corey L. Pierce La. Bar No.: 24601**
       Monica Gant Moton, La. Bar No.: 27222
       732 North Boulevard
       Baton Rouge, Louisiana 70802
       Telephone:  (225) 346-8716
       Facsimile:   (225) 336-1950

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 15, 2024, I electronically filed this *Memorandum In Support Of Motion To Dismiss Under Federal Rules Of Civil Procedure 12(b)(1), 12(b)(6), 12(e), 17(b)(3) on behalf of Steven Nevels* with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel through the court's electronic filing system.

          */s/ Corey L. Pierce*
          **COREY L. PIERCE**

11