**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

JASON JACKSON,

        Plaintiff,

    v.

MURPHY PAUL, in his official capacity,
TAFARI BEARD, in his individual capacity,
STEVEN NEVELS, in his individual capacity,
BATON ROUGE POLICE DEPARTMENT,
BRPD JOHN DOES 1-2, in their individual
capacities, CITY OF BATON ROUGE and
PARISH OF EAST BATON ROUGE.

        Defendants.

No.    3:23-cv-01591

Judge John W. deGravelles

Magistrate Judge Erin Wilder-Doomes

---

**STATUS REPORT**

**A.    JURISDICTION**

What is the basis for the jurisdiction of the Court?

28 U.S.C. §§ 1331, 1367

**B.    BRIEF EXPLANATION OF THE CASE**

1.    Plaintiff claims:

Plaintiff alleges various constitutional torts, including unreasonable searches and seizure, and excessive force, in connection with a prolonged detention by BRPD officers. He additionally alleges that these actions were impermissibly motivated by his criticism of the officers involved, in violation of the First Amendment. He alleges the City-Parish is responsible for these harms via *Monell* and he asserts a number of state law tort claims against the officer defendants as well.

2.    Defendant Tafari Beard:

3.     Defendant Steven Nevel:

4.     Defendant Murphy Paul:

5.     Defendant City-Parish:

**C.     PENDING MOTIONS**

List any pending motion(s), the date filed, and the basis of the motion(s):

Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 12(e), 17(b)(3) [Dkt. 31] filed by Steven Nevel. Plaintiff's response due by 4/22/2024.

**D.     ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

1. Plaintiff:

   Plaintiff anticipates defendants will raise a host of factual and legal defenses. There appears to be very little that the parties agree upon.

2. Defendant Tafari Beard:

3. Defendant Steven Nevel:

4. Defendant Murphy Paul:

5. Defendant City-Parish:

**E.     DAMAGES**

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

1. Plaintiff's calculation of damages:

    Plaintiff's damages include compensatory damages and a request for punitive damages from the individual defendants.

2. Defendant Tafari Beard:

3. Defendant Steven Nevel:

4. Defendant Murphy Paul:

5. Defendant City-Parish:

**F.**      **SERVICE:**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue:

1. Plaintiff: No unresolved issues of which Plaintiff is aware.
2. Defendant Tafari Beard:
3. Defendant Steven Nevel:
4. Defendant Murphy Paul:
5. Defendant City-Parish:

**G.**      **DISCOVERY**

1. Initial Disclosures:

    A.      Have the initial disclosures required under FRCP 26(a)(1) been completed?

    [ ] YES     [ x ] NO

In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

B.      Do any parties object to initial disclosures?

[ ] YES    [ x ] NO

For any party who answered *yes*, please explain your reasons for objecting.

2.      Briefly describe any discovery that has been completed or is in progress:

a.  By plaintiff(s): Currently no discovery has been completed or is in progress.

b.  Defendant Tafari Beard:

c.  Defendant Steven Nevel:

d.  Defendant Murphy Paul:

e.  Defendant City-Parish:

3.      Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery.  (For example: are there any confidential business records or medical records that will be sought?   Will information that is otherwise privileged be at issue?)

a.  Plaintiff:      Plaintiff anticipates and is also concerned (based on informal representations and experience in past litigation) that the Parish Attorney will be limited in his ability to obtain and share discovery currently in the possession of BRPD.

b.  Defendant Tafari Beard:

      c.   Defendant Steven Nevel:
      d.   Defendant Murphy Paul:
      e.   Defendant City-Parish:

4.        Discovery from experts:

Identify the subject matter(s) as to which expert testimony will be offered:

By plaintiff(s):

      a.   Plaintiff may seek expert testimony concerning police procedure, detention and arrest techniques, and the use of force. Plaintiff may also seek expert testimony regarding plaintiff's mental injuries and the use of "black sites." Plaintiff may also seek expert testimony in the subject matter areas identified by the plaintiff.

By defendant(s):

      a.   Defendant Tafari Beard:

      b.   Defendant Steven Nevel:

      c.   Defendant Murphy Paul:

      d.   Defendant City-Parish:

## H.      PROPOSED SCHEDULING ORDER

PLAINTIFF'S PROPOSAL :

1.   Plaintiff's proposed deadlines depend almost entirely upon (1) how promptly the City-Parish tenders discovery related to the BRAVE Cave, and (2) whether the individual defendants invoke the Fifth Amendment at forthcoming depositions. Plaintiffs support moving this matter forward as promptly as possible.

2.   Defendant Tafari Beard:

3.   Defendant Steven Nevel:

4.   Defendant Murphy Paul:

5.   Defendant City-Parish:

## I.   TRIAL

1.   Has a demand for trial by jury been made?

[ x ]  YES     [ ] NO

2.   Estimate the number of days that trial will require.

PLAINTIFF:   One week.

Defendant Tafari Beard:

Defendant Steven Nevel:

Defendant Murphy Paul:

Defendant City-Parish:

## J.   OTHER MATTERS

Are there any specific problems the parties wish to address at the scheduling conference?

[ x ]  YES     [ ] NO

i.      If the answer is *yes*, please explain:

**Plaintiff**
Plaintiff's counsel attempted to get inserts for this Joint Status Report from counsel for each defendant. However, none were provided. Undersigned counsel notes that counsel for Defendant Steven Nevels would like to wait to respond until the court makes a decision their outstanding Motions.

Further, Plaintiff wishes to discuss spoliation issues and Defendant City/Parish's indication that they believed a Stay is proper in this matter. Defendant Tafari Beard:

Defendant Steven Nevel:

Defendant Murphy Paul:

Defendant City-Parish:

 ii. If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report?

## K. SETTLEMENT

 1. Please set forth what efforts, if any, the parties have made to settle this case to date.

None.

 2. Do the parties wish to have a settlement conference:

[ x ] YES  [ ] NO

If your answer is *yes,* at what stage of litigation would a settlement conference be most beneficial?

 a. Plaintiff is open to a settlement conference at any juncture.

 b. Defendant Tafari Beard:

 c. Defendant Steven Nevel:

 d. Defendant Murphy Paul:

 e. Defendant City-Parish:

## L. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge.

Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ] YES    [ x ] NO

**If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the <u>attached form</u> to indicate your consent.**

**Ryan K. Thompson, LA Bar #38957**
**TRIAL ATTORNEY**
660 Richland Ave
Baton Rouge, LA 70806
T: (323)271-8032
E: RKTsocialjustice@gmail.com

**Jessica F. Hawkins, LA Bar #38263**
P.O. Box 5072
Baton Rouge, LA 70802
T: (915)217-9192
E: jessicahawkins0421@gmail.com

**COUNSEL FOR JASON JACKSON**

Report dated: April 11, 2024.