UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JASON JACKSON,<br><br>　Plaintiff<br><br>v.<br><br>MURPHY PAUL et al.<br><br>　Defendants | No.　3:23-cv-01591<br><br>Judge John W. deGravelles<br><br>Magistrate Judge Erin Wilder-Doomes |

**PLAINTIFF'S MOTION TO AMEND COMPLAINT IN LIEU OF OPPOSITION TO MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) 12(b)(6), 12(e), 17(b)(3) FILED ON BEHALF OF STEVEN NEVELS**

**RELEVANT PROCEDURAL BACKGROUND**

Plaintiff filed a complaint in this matter on November 13, 2023, germane to unconstitutional search and seizure conducted on May 10, 2023, by Baton Rouge Police Department officers Steven Nevels, Tafari Beard, and others. The incident began with a pretextual traffic stop. During this stop, officers Nevel and Beard searched Mr. Jackson's vehicle and performed a "*Terry*" pat of his person. Although no weapons or contraband were found in his car or on his person on-scene, Mr. Jackson was subsequently transported by officer Beard to the BRAVE Cave where further unconstitutional violations occurred; i.e. strip and body cavity searches upon his person.

## ARGUMENT

On March 15, 2024, counsel for Defendant, Officer Steven Nevels, filed a Motion to Dismiss (Rec Doc. 31). Specifically, counsel for Defendant Nevels raises claims of:

a. 12 (b)(1) lack of subject-matter jurisdiction;
b. 12 (b)(6) failure to state a claim upon which relief can be granted;
c. 12(e) Motion for a More Definite Statement; and
d. 17(b)(3) Capacity to Sue or Be Sued.

### 12 (b)(1) lack of subject-matter jurisdiction

Officer Nevels asserts that he is entitled to qualified immunity under the Eleventh Amendment based on the fact that "there are no allegations with respect to Officer Nevels that supports such a claim to be brought or that defeats immunity. Plaintiff disagrees and maintains that facts were sufficient. However, Plaintiff is willing to amend his complaint to make clear which acts by officer Nevel violated Mr. Jackson's constitutional rights and which acts were outside of his authority as a BRPD officer.

### 12 (b)(6) failure to state a claim upon which relief can be granted

Officer Nevels asserts that Plaintiff's original and first amended complaints lack cognizable claims against him and failed to state a claim against officer Nevels for which relief may be granted. Plaintiff disagrees and maintains that no "speculative or illogical leaps" are made in order to "connect the dots" of Officer Nevels' involvement in violating Mr. Jackson's constitutional rights. However, since the filing of the original and first amended complaints,

Plaintiff has gained additional knowledge of the incident and is willing to amend his complaint to make clear which acts by officer Nevel violated Mr. Jackson's constitutional rights.

### 12(e) Motion for a More Definite Statement

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definitive statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Plaintiff concedes that a more definitive answer would resolve issues in this case. Wherefore, plaintiff desires to file a second amended complaint to clarify his claims for relief in this action, specifically, in response to this Motion to Dismiss, to include a more definitive statement or similar form of responsive pleading relative to defendant Nevels. Plaintiff therefore seeks leave of court to amend his position to add specificity to claims against Nevels in his individual capacity.

### 17(b)(3) Capacity to Sue or Be Sued

Though included in the caption of the Motion to Dismiss, Defendant's motion fails to outline what if any issue he takes with officer Nevels' capacity to be sued. Moreover, Plaintiff contends that pursuant to rule 17(b)(3) officer Nevels is not a party who could be defined as either a partnership or other unincorporated association. Therefore, he can be sued to enforce a substantive right existing under the United States Constitution which in this case is the Fourth Amendment.

**WHEREFORE**, plaintiff herein seeks leave of court to file a second amended complaint to further clarify his claims relative to defendant Nevels, specifically, in response to this Motion to Dismiss, to include a more definitive statement or similar form of responsive pleading

/S/: Ryan K. Thompson
_____
**Ryan K. Thompson, LA Bar #38957**
**TRIAL ATTORNEY**
660 Richland Ave
Baton Rouge, LA 70806
T: (323)271-8032
E: RKTsocialjustice@gmail.com

/s/: Jessica F. Hawkins
_____
**Jessica F. Hawkins, LA Bar #38263**
P.O. Box 5072
Baton Rouge, LA 70802
T: (915)217-9192
E: jessicahawkins0421@gmail.com

**COUNSEL FOR JASON JACKSON**