**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| JASON JACKSON | CIVIL NO. 3:23-CV-1591 |
|    Plaintiff | JUDGE JOHN W. DEGRAVELLES |
| VERSUS | MAGISTRATE JUDGE ERIN WILDER-DOOMES |
| MURPHY PAUL, in his official capacity, TAFARI BEARD, in his individual capacity, STEVEN NEVELS, in his individual capacity, BATON ROUGE POLICE DEPARTMENT JOHN DOES 1-2, in their individual capacities, CITY OF BATON ROUGE and PARISH OF EAST BATON ROUGE | |
|    Defendants | |

<u>**DEFENDANT MURPHY PAUL'S MEMORANDUM IN SUPPORT OF FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) MOTION TO DISMISS**</u>

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Murphy Paul (hereinafter "Defendant Paul"), who respectfully submits this memorandum in support of his Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, Plaintiff's claims against Defendant Paul should be dismissed in their entirety, with prejudice.

## I.   FACTUAL BACKGROUND

On December 11, 2024, Plaintiff filed his Amended Complaint (R. Doc. 7) in the above-captioned matter.  In the Amended Complaint, Plaintiff alleges that, on or about May 10, 2023, he was taken into custody by two Baton Rouge Police Department ("BRPD") officers and strip

1

5735260.v1

searched by four BRPD officers.[1]  Plaintiff does not allege that Defendant Paul, who was the Chief of BRPD at the time of the alleged incident, had any personal involvement with or contemporaneous knowledge of any of the aforementioned conduct.  Defendant Paul is only sued in his official capacity as the (now, former) Chief of BRPD.[2]

Aside from Defendant Paul, Plaintiff also names the City of Baton Rouge, Parish of East Baton Rouge (the "City Parish") as a defendant.  Plaintiff alleges only one claim against Defendant Paul – a 42 U.S.C. § 1983 Fourth Amendment claim based on the allegedly unlawful strip search of Plaintiff – which is brought against Defendant Paul in his official capacity only and that exact same claim is also brought against and the City Parish.[3]

As explained below, the claim against Defendant Paul in his official capacity should be dismissed. "State officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Jackson v. Ferretis*, No. CV H-17-1922, 2017 WL 4221089, at *2 (S.D. Tex. Sept. 21, 2017).  Accordingly, the claim asserted against Defendant Paul in his official capacity is subject to dismissal, with prejudice.

## II.  LAW AND ARGUMENT

### a.  Standard for Motion to Dismiss

"To survive a motion to dismiss, a plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *Guerra v. Castillo*, 82 F.4th 278, 284 (5th Cir. 2023).  "When reviewing a motion to dismiss, we must accept all facts as pleaded and construe them in the light most favorable to the plaintiff." *Id.* But "we do not accept as true legal conclusions, conclusory

---

[1]    *See* ECF No. 7, Amended Complaint, at ¶¶13-31.
[2]    *Id.* at ¶10.
[3]    *Id.* at ¶¶63-65.

5735260.v1

statements, or naked assertions devoid of further factual enhancement." *Anokwuru v. City of Hous.*, 990 F.3d 956, 962 (5th Cir. 2021). "To survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 963 (internal quotation marks and citation omitted).

### b. The Official Capacity Claim Against Defendant Paul Should be Dismissed.

"[W]hen a plaintiff sues a municipal or county official in his official capacity, the municipality or county is liable for the resulting judgment." *Senegal v. Beauregard Par. Sheriff's Off.*, No. 16-CV-1756, 2017 WL 6395471, at *2 (W.D. La. Oct. 19, 2017), *report and recommendation adopted,* No. 2:16-CV-1756, 2017 WL 6397611 (W.D. La. Dec. 13, 2017) (citing *Bennett v. Pippin*, 74 F.3d 578, 584 (5th Cir. 1996)). "Accordingly, suits against government defendants in their official capacities are typically an alternative means of pleading an action against the governmental entity involved." *Id.* *See also Jackson v. Ferretis*, No. CV H-17-1922, 2017 WL 4221089, at *2 (S.D. Tex. Sept. 21, 2017) ("State officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them."); *Hernandez v. Theriot*, 38 F.Supp.3d 745, 746 (M.D. La. 2014) ("A suit against a municipal Police Chief in his/her office capacity is a suit against the municipality.").

Thus, "[w]hen…the government entity itself is a defendant in the litigation, claims against specific individuals in their official capacities are redundant..." *Clark v. Lafayette Police Dep't*, No. 6:18-CV-0058, 2018 WL 3602974, at *8 (W.D. La. July 11, 2018), report and recommendation adopted, No. 6:18-CV-00058, 2018 WL 3596104 (W.D. La. July 26, 2018). Courts in the Fifth Circuit have routinely dismissed claims made against officials in their official capacity, where the governmental entity the official served is already a defendant. *See Castro Romero v. Becken*, 256

3

F.3d 349, 355 (5th Cir. 2001) (The district court was also correct in dismissing the allegations against all of the municipal officers and two of the employees of the Corps of Engineers in their official capacities, as these allegations duplicate claims against the respective governmental entities themselves); *Jackson v. Ferretis*, No. CV H-17-1922, 2017 WL 4221089, at *2 (S.D. Tex. Sept. 21, 2017) (dismissing 42 U.S.C § 1983 claims against officer sued in his official capacity where the municipality was also named as a defendant); *Tabor v. Madison Par. Hosp. Serv. Dist.*, No. CV 14-2374, 2015 WL 10012992, at *7 (W.D. La. Nov. 19, 2015), *report and recommendation adopted*, No. CV 14-2374, 2016 WL 483115 (W.D. La. Feb. 5, 2016) (dismissing state law tort claims against supervisory employee sued in his official capacity where his employer, a parish hospital district, was a defendant); *Good v. City of Irving, Texas*, No. 3:06-CV-2133-K, 2007 WL 9718518, at *2 (N.D. Tex. Aug. 13, 2007) ("Because the City is a named defendant in this suit, the claims against Curtis and the Chief in their official capacities are duplicative claims" and therefore subject to dismissal); *Walston v. City of Port Neches*, 980 F. Supp. 872, 878 (E.D. Tex. 1997) (finding that claim against police chief in his official capacity was "redundant and unnecessary" and therefore subject to dismissal because "the governmental entity that would indemnify the official is already a defendant").

Here, the one claim against Defendant Paul is asserted against both Defendant Paul, in his official capacity, and the City Parish. Specifically, Plaintiff's Amended Complaint alleges that the BRPD[4] knowingly maintains an unlawful strip search policy and that members of BRPD have executed the strip search policy in the course and scope of their employment, thereby resulting in harm to Plaintiff.[5] Accordingly, Plaintiff's official capacity claims against Defendant Paul are the

---

[4]    Plaintiff alleges in his Amended Complaint that the City Parish is responsible for the customs, practices, policies, supervision, training and discipline of the Baton Rouge Police Department and is otherwise responsible for the conduct of BRPD officers' conduct. *See* ¶82 of the Amended Complaint.
[5]    *Id.* at ¶¶82-83.

5735260.v1

functional equivalent of Plaintiff's claims against the City Parish and should be dismissed, with prejudice. *See Lee v. Jackson Cnty., Mississippi*, No. 1:13CV441-HSO-RHW, 2014 WL 11514946, at *3 (S.D. Miss. Aug. 8, 2014) (dismissing official capacity claims against sheriff and major because those claims were also brought against the county for which the two defendants acted as agents).

### III. CONCLUSION

In conclusion, all claims alleged by Plaintiff against Defendant Paul should be dismissed, with prejudice. The Amended Complaint expressly states that Defendant Paul is being sued in his "official capacity."[6] Accordingly, because the City Parish is also a party to this matter, the claims against Defendant Paul in his official capacity are duplicative and must be dismissed, with prejudice.

Respectfully submitted,

TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.

By: */s/ Grant L. Willis*
    Michael S. Walsh, Bar #08500
    Grant L. Willis, Bar #34820
    Taylor, Porter, Brooks & Phillips, LLP
    450 Laurel Street, 8th Floor (70801)
    Post Office Box 2471
    Baton Rouge, Louisiana 70821-2471
    Telephone: (225) 387-3221
    Facsimile:  (225) 346-8049
    Email: michael.walsh@taylorporter.com
         grant.willis@taylorporter.com

***Attorneys for Defendant Murphy Paul***

---

[6] *Id.* at ¶6.

5

5735260.v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT MURPHY PAUL'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** was filed electronically with the Clerk of Court using the CM/ECF filing system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

Baton Rouge, Louisiana, this 8th day of May 2026.

*/s/ Grant L. Willis*
Grant L. Willis

6

5735260.v1