UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA        *        CRIMINAL ACTION
                                *
VERSUS                          *
                                *        NO. 3:23-CR-00052
JASON JACKSON                   *
                                *        FEBRUARY 5, 2026
* * * * * * * * * * * * * * * *

RE-ARRAIGNMENT
BEFORE THE HONORABLE JOHN W. DEGRAVELLES
UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE GOVERNMENT:          UNITED STATES ATTORNEY'S OFFICE
                             MIDDLE DISTRICT OF LOUISIANA
                             BY:  WILLIAM MORRIS, ESQ.
                             451 FLORIDA STREET,SUITE 300
                             BATON ROUGE, LOUISIANA 70801

FOR THE DEFENDANT:           LAW OFFICE OF RACHEL I. CONNER
                             BY:  RACHEL I. CONNER, ESQ.
                             3015 MAGAZINE STREET
                             NEW ORLEANS, LOUISIANA 70115

OFFICIAL COURT REPORTER:     GINA DELATTE-RICHARD, CCR
                             UNITED STATES COURTHOUSE
                             777 FLORIDA STREET
                             BATON ROUGE, LOUISIANA  70801
                             (225) 389-3564

Exhibit A

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY USING
COMPUTER-AIDED TRANSCRIPTION SOFTWARE

*(CALL TO THE ORDER OF THE COURT)*

**THE COURT:** WE'RE GOING TO CALL OUR NEXT CASE, WHICH IS *UNITED STATES VERSUS JASON JACKSON*, ALSO KNOWN AS SQUALLY. IT'S NO. 23-CR-52.

WILL COUNSEL ENTER AN APPEARANCE FOR THE RECORD.

**MR. MORRIS:** GOOD MORNING, YOUR HONOR. WILL MORRIS AND APRIL LEON ON BEHALF OF THE UNITED STATES.

**THE COURT:** ALL RIGHT. MS. LEON.

**MS. CONNER:** GOOD MORNING. RACHEL CONNER ON BEHALF OF JASON JACKSON WHO IS PRESENT HERE IN COURT.

**THE COURT:** ALL RIGHT. MR. JACKSON, COME ON FORWARD, SIR, AND MRS. CAUSEY IS GOING TO SWEAR YOU IN.

*(WHEREUPON, JASON JACKSON, HAVING BEEN DULY SWORN, TESTIFIED AS FOLLOWS)*

**THE COURT:** MR. JACKSON, YOU HAVE A RIGHT TO BE REPRESENTED BY A LAWYER AT EVERY STAGE OF YOUR PROCEEDINGS, OF COURSE THAT INCLUDES THIS MORNING. IF YOU NEED, FOR WHATEVER REASON, TO DISCUSS SOMETHING PRIVATELY WITH MS. CONNER, LET ME KNOW AND I'LL PERMIT YOU TO DO THAT, OKAY?

**THE DEFENDANT:** YES, SIR.

**THE COURT:** YOU NEED TO ANSWER YOUR QUESTIONS THAT I'M GOING TO ASK YOU COMPLETELY AND TRUTHFULLY BECAUSE YOU JUST SWORE TO TELL THE TRUTH; DO YOU UNDERSTAND?

**THE DEFENDANT:** YES, SIR.

**THE COURT:** I'M GOING TO HAVE TO ASK YOU QUESTIONS TO

MAKE SURE -- I UNDERSTAND YOU WISH TO PLEAD GUILTY AS TO COUNT 1 OF THE INDICTMENT; IS THAT CORRECT?

**THE DEFENDANT:**  YES, SIR.

**THE COURT:**  IS THAT RIGHT?

**THE DEFENDANT:**  YES, SIR.

**THE COURT:**  SO I ASK YOU THESE QUESTIONS TO MAKE SURE YOU'RE MAKING THIS DECISION TO PLEAD GUILTY FREELY AND VOLUNTARILY AND KNOWINGLY AND INTELLIGENTLY, SO THAT'S WHY I ASK YOU ALL -- THIS SERIES OF QUESTIONS.  IF YOU DON'T UNDERSTAND SOMETHING THAT I'VE ASKED YOU, LET ME KNOW AND I'LL REPHRASE IT SO THAT WE'RE ALL ON THE SAME PAGE, OKAY?

**THE DEFENDANT:**  YES, SIR.

**THE COURT:**  ALSO, I WILL SAY FOR THE RECORD, WE'LL HAVE A SEALED PORTION OF THIS PROCEEDING TO TAKE UP THE ISSUE OF WHETHER MR. JACKSON IS OR IS NOT COOPERATING WITH THE GOVERNMENT.  THE FACT THAT WE HAVE THIS SEALED PORTION DOESN'T MEAN HE IS OR ISN'T SINCE WE DO THIS IN EVERY ARRAIGNMENT.

HOW OLD ARE YOU, MR. JACKSON?

**THE DEFENDANT:**  FORTY.

**THE COURT:**  HOW FAR DID YOU GO IN SCHOOL?

**THE DEFENDANT:**  SEVENTH GRADE.

**THE COURT:**  AND WHAT KIND OF WORK HAVE YOU DONE IN YOUR ADULT LIFE?

**THE DEFENDANT:**  I USED TO CUT GRASS BEFORE I JUST GOT OUT OF JAIL.  IN 2021 I GOT MY CDL.

**THE COURT:** HAVE YOU EVER BEEN TOLD BY A PHYSICIAN OR SOME OTHER PROFESSIONAL THAT YOU HAVE A LEARNING DISABILITY?

**THE DEFENDANT:** NO, SIR.

**THE COURT:** HAVE YOU EVER BEEN TREATED FOR DRUG ADDICTION?

**THE DEFENDANT:** NO, SIR.

**THE COURT:** IN THE LAST 24 HOURS HAVE YOU HAD ANYTHING LEGAL OR ILLEGAL --

**THE DEFENDANT:** NO, SIR.

**THE COURT:** LET ME FINISH -- LEGAL OR ILLEGAL WHICH WOULD AFFECT YOUR ABILITY TO UNDERSTAND WHAT'S GOING ON HERE TODAY?

**THE DEFENDANT:** NO, SIR.

**THE COURT:** TO YOUR KNOWLEDGE, DO YOU HAVE ANY MEDICAL OR PSYCHOLOGICAL PROBLEM THAT WOULD MAKE IT DIFFICULT FOR YOU TO UNDERSTAND WHAT'S HAPPENING TODAY?

**THE DEFENDANT:** NO, SIR.

**THE COURT:** MS. CONNER, DO YOU HAVE ANY DOUBT AS TO YOUR CLIENT'S COMPETENCE TO PLEAD AT THIS TIME?

**MS. CONNER:** NO, I DON'T, YOUR HONOR.

**THE COURT:** WERE YOU GIVEN A COPY OF THE FIRST SUPERSEDING INDICTMENT, MR. JACKSON? THAT'S THE CHARGE AGAINST YOU -- THE FORMAL CHARGE AGAINST YOU. HAVE YOU SEEN THAT BEFORE?

**THE DEFENDANT:** YES, SIR.

**THE COURT:** OKAY. DID YOU READ IT AND UNDERSTAND IT?

**THE DEFENDANT:** YES, SIR.

**THE COURT:** DID YOU GO OVER IT WITH MS. CONNER AND DID SHE EXPLAIN IT TO YOU AND ANSWER ANY QUESTIONS THAT YOU HAD ABOUT IT?

**THE DEFENDANT:** YES, SIR.

**THE COURT:** ARE YOU SATISFIED WITH MS. CONNER'S REPRESENTATION?

**THE DEFENDANT:** YES, SIR.

**THE COURT:** DO YOU HAVE TRUST AND CONFIDENCE IN HER?

**THE DEFENDANT:** YES, SIR.

**THE COURT:** ALL RIGHT. I AM GOING TO ASK MR. MORRIS TO -- I KNOW IT'S LIKE TEN PAGES JUST BY MY COUNT, BUT I'M GOING TO ASK YOU, MR. MORRIS, TO SUMMARIZE THAT PORTION OF THE INDICTMENT THAT THE DEFENDANT IS PLEADING GUILTY TO.

AND, MR. JACKSON, I ASK YOU TO LISTEN CAREFULLY. I'M GOING TO ASK YOU IF YOU UNDERSTAND THE CHARGE AGAINST YOU ONCE HE'S FINISHED.

**THE DEFENDANT:** YES, SIR.

**MR. MORRIS:** YES, YOUR HONOR. PURSUANT TO THE INDICTMENT, THE GRAND JURY CHARGES IN COUNT 1, CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES. THAT BEGINNING ON AN EXACT DATE UNKNOWN TO THE GRAND JURY, BUT NO LATER THAN IN OR ABOUT 2021, AND CONTINUING UNTIL ON OR ABOUT JUNE 14TH, 2023 IN THE MIDDLE DISTRICT OF

LOUISIANA AND ELSEWHERE, THE DEFENDANT AND HIS CO-DEFENDANTS DID CONSPIRE AND AGREE WITH EACH OTHER AND WITH OTHERS KNOWN AND UNKNOWN TO THE GRAND JURY TO KNOWINGLY AND INTENTIONALLY DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE A MIXTURE AND SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF FENTANYL, A SCHEDULE II CONTROLLED SUBSTANCE; A MIXTURE AND SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF HEROIN, A SCHEDULE I CONTROLLED SUBSTANCE; A MIXTURE AND SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF COCAINE, A SCHEDULE II CONTROLLED SUBSTANCE; AND A MIXTURE AND SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF METHAMPHETAMINE, A SCHEDULE II CONTROLLED SUBSTANCE IN VIOLATION OF TITLE 21, UNITED STATES CODE, SECTION 841(A)(1) AND DID AID AND ABET IN THE COMMISSION OF SAID CONSPIRACY.

FAST-FORWARDING TO THE OBJECT OF THE CONSPIRACY, WHICH WAS TO BUY, SELL, POSSESS, TRANSPORT, DISTRIBUTE, AND PROFIT FROM THE SALE OF FENTANYL, HEROIN, COCAINE, AND METHAMPHETAMINE IN THE MIDDLE DISTRICT OF LOUISIANA AND ELSEWHERE.

UNDER MANNER AND MEANS OF ACCOMPLISHING THE CONSPIRACY, I WILL GO TO PARAGRAPH 12 WHICH INDICATES THE DEFENDANT USED VEHICLES WITHIN THE MIDDLE DISTRICT OF LOUISIANA TO DISTRIBUTE COCAINE ON BEHALF OF CO-DEFENDANT PENNYWELL.

PARAGRAPH 13, PENNYWELL, SHARIFI, CRITNEY, BROOKS AND JACKSON USED TELEPHONES TO DISCUSS, NEGOTIATE AND ARRANGE FOR THE PURCHASE AND SALE OF CONTROLLED SUBSTANCES AND

TO FACILITATE THE EXCHANGE OF MONEY RELATED TO THE BUYING AND SELLING OF CONTROLLED SUBSTANCES.

PARAGRAPH 14.  PENNYWELL, CRITNEY, BROOKS AND JACKSON USED PUBLIC AND PRIVATE PLACES TO ARRANGE AND COMPLETE NARCOTICS-RELATED TRANSACTIONS.

UNDER ACTS IN FURTHERANCE OF THE CONSPIRACY, IF WE CAN GO TO PARAGRAPH 41.  ON MAY 10TH, 2023, DURING TELEPHONIC COMMUNICATIONS, PENNYWELL ARRANGED FOR THE PURCHASE OF THREE BALLS OF COCAINE FROM BROOKS FOR REDISTRIBUTION TO CW. PENNYWELL RECRUITED JACKSON TO ASSIST.  JACKSON COLLECTED MONEY FROM CW FOR THE PURCHASE, BOUGHT THE COCAINE FROM BROOKS, AND DELIVERED THE COCAINE TO CW.

THE INDICTMENT ALSO CONTAINS A FORFEITURE PROVISION.  WITH THE COURT'S PERMISSION, I'LL ELECT NOT TO READ THAT, BUT I WANTED TO NOTE IT.

**MS. CONNER:**  I'M SORRY.  I MISSED THE LAST SENTENCE THAT YOU JUST SAID.

**MR. MORRIS:**  I ASKED THE COURT TO NOTE THE NOTICE OF FORFEITURE.  I DON'T INTEND TO READ IT INTO THE RECORD UNLESS THE COURT WANTS ME TO.

**THE COURT:**  NO, YOU DON'T NEED TO DO THAT.

DID YOU UNDERSTAND, MR. JACKSON, WHAT MR. MORRIS JUST SUMMARIZED.

**THE DEFENDANT:**  YES, SIR.

**THE COURT:**  ALL RIGHT.  YOU DO UNDERSTAND WHAT YOU'RE

CHARGED WITH?

**THE DEFENDANT:**  YES, SIR.

**THE COURT:**  WHAT I'M GOING TO DO NOW IS TO EXPLAIN CERTAIN RIGHTS THAT YOU HAVE IN OUR SYSTEM YOU'LL BE GIVING UP IF YOU DO DECIDE TO PLEAD GUILTY.  THE FIRST THING IS, YOU CAN PLEAD NOT GUILTY.  IF YOU'VE ALREADY MADE THAT PLEA, YOU CAN PERSIST IN THAT PLEA; DO YOU UNDERSTAND?

**THE DEFENDANT:**  YES, SIR.

**THE COURT:**  YOU HAVE THE RIGHT TO TRIAL, EITHER BY JUDGE OR JURY, ON THE CHARGE BROUGHT AGAINST YOU; DO YOU UNDERSTAND?

**THE DEFENDANT:**  YES, SIR.

**THE COURT:**  YOU HAVE THE RIGHT TO THE ASSISTANCE OF A LAWYER AT EVERY STAGE OF YOUR PROCEEDINGS, INCLUDING TRIAL, AND IF YOU CAN'T AFFORD ONE, ONE WILL BE APPOINTED TO REPRESENT YOU AT NO COST TO YOU; DO YOU UNDERSTAND?

**THE DEFENDANT:**  YES, SIR.

**THE COURT:**  AT A TRIAL YOU WOULD NOT HAVE TO ESTABLISH YOUR INNOCENCE.  YOU WOULD BE PRESUMED INNOCENT.  IT WOULD BE THE GOVERNMENT'S BURDEN TO PROVE YOUR GUILT ON THE CHARGE BEYOND A REASONABLE DOUBT WITH COMPETENT EVIDENCE; DO YOU UNDERSTAND THAT?

**THE DEFENDANT:**  YES, SIR.

**THE COURT:**  AT A TRIAL YOU AND YOUR LAWYER WOULD BE PRESENT.  YOU WOULD HAVE THE RIGHT TO CHALLENGE THE

GOVERNMENT'S EVIDENCE.  YOU AND YOUR LAWYER WOULD HAVE THE RIGHT TO CROSS-EXAMINE THE GOVERNMENT'S WITNESSES AND YOU'D HAVE THE RIGHT TO PUT ON YOUR OWN CASE AND CALL YOUR OWN WITNESSES; DO YOU UNDERSTAND THAT?

**THE DEFENDANT:**  YES, SIR.

**THE COURT:**  IF YOU WANTED TO TESTIFY, MR. JACKSON, YOU COULD DO THAT, BUT YOU COULDN'T BE FORCED TO DO THAT BECAUSE YOU HAVE THE RIGHT NOT TO INCRIMINATE YOURSELF; DO YOU UNDERSTAND THAT?

**THE DEFENDANT:**  YES, SIR.

**THE COURT:**  IF YOU PLEAD GUILTY, AND I ACCEPT YOUR PLEA, YOU'RE GOING TO WAIVE YOUR RIGHT TO TRIAL AND THE OTHER RIGHTS THAT I JUST EXPLAINED TO YOU.  THERE WILL BE NO TRIAL. I'LL SIMPLY JUDGE YOU GUILTY ON THE BASIS OF YOUR PLEA ALONE; DO YOU UNDERSTAND THAT?

**THE DEFENDANT:**  YES, SIR.

**THE COURT:**  ALSO, IF YOU PLEAD GUILTY, YOU WILL BE WAIVING YOUR RIGHT AGAINST SELF-INCRIMINATION, BECAUSE I'M GOING TO HAVE TO ASK YOU WHAT YOU DID AND YOU'RE GOING TO HAVE TO ACKNOWLEDGE YOUR GUILT ON THE RECORD; DO YOU UNDERSTAND THAT?

**THE DEFENDANT:**  YES, SIR.

**THE COURT:**  ARE YOU WILLING TO WAIVE YOUR RIGHT TO TRIAL AND THE OTHER RIGHTS THAT I JUST EXPLAINED TO YOU?

**THE DEFENDANT:**  YES, SIR.

**THE COURT:** ALSO, I FORGOT ONE. BY ENTERING AN UNCONDITIONAL PLEA OF GUILTY YOU'LL BE WAIVING YOUR RIGHT TO APPEAL ANY NON-JURISDICTIONAL DEFECTS IN THESE PROCEEDINGS; DO YOU UNDERSTAND THAT?

**THE DEFENDANT:** YES, SIR.

**MS. CONNER:** YOUR HONOR, COULD WE HAVE JUST 30 SECONDS?

**THE COURT:** SURE. YOU'RE GOOD?

**MS. CONNER:** YES.

**THE COURT:** SO I'LL ASK YOU AGAIN -- I'VE EXPLAINED ALL OF THESE RIGHTS TO YOU. ARE YOU WILLING TO WAIVE THOSE RIGHTS?

**THE DEFENDANT:** YES, SIR.

**THE COURT:** WHAT WE'RE GOING TO DO NOW IS TO ASK OUR COURT SECURITY OFFICER TO SEAL THE COURTROOM FOR THE PURPOSE OF TAKING UP THE ISSUE OF WHETHER MR. JACKSON IS OR IS NOT COOPERATING WITH THE GOVERNMENT. THE FACT THAT WE HAVE THIS SEALED PORTION DOESN'T MEAN HE IS OR ISN'T SINCE WE DO THIS IN EVERY CASE.

*(WHEREUPON, THE COURTROOM WAS SEALED. UPON COMPLETION OF THE SEALED PORTION, THE PROCEEDINGS RESUMED)*

**THE COURT:** THE COURTROOM HAS BEEN UNSEALED. WHAT I'M GOING TO DO NOW, MR. JACKSON, IS TO MAKE SURE YOU UNDERSTAND THE MAXIMUM PENALTIES THAT YOU FACE IN PLEADING GUILTY.

**THE DEFENDANT:** YES, SIR.

**THE COURT:** THE MAXIMUM PENALTY FOR COUNT 1 OF THE FIRST SUPERSEDING INDICTMENT IS A TERM OF IMPRISONMENT OF 20 YEARS, A FINE OF $1 MILLION, OR BOTH THE MAXIMUM TERM OF IMPRISONMENT AND THE MAXIMUM FINE.  AND, IN ADDITION, THE COURT MUST ALSO IMPOSE A TERM OF SUPERVISED RELEASE AFTER IMPRISONMENT OF AT LEAST THREE YEARS AND UP TO LIFE; DO YOU UNDERSTAND?

**THE DEFENDANT:** YES, SIR.

**THE COURT:** ALSO, IF YOU HAVE COMMITTED AND BEEN CONVICTED OF A PRIOR CONVICTION FOR A FELONY DRUG OFFENSE THAT HAS BECOME FINAL, THE MAXIMUM SENTENCE YOU FACE IS A TERM OF IMPRISONMENT OF NOT MORE THAN 30 YEARS, A FINE OF $2 MILLION OR BOTH, AND THE COURT MUST ALSO IMPOSE A TERM OF SUPERVISED RELEASE AFTER IMPRISONMENT OF AT LEAST SIX YEARS AND UP TO LIFE; DO YOU UNDERSTAND?

**THE DEFENDANT:** YES, SIR.

**THE COURT:** ALSO, I MUST IMPOSE A SPECIAL ASSESSMENT OF $100 REGARDLESS OF YOUR ABILITY TO PAY; DO YOU UNDERSTAND THAT?

**THE DEFENDANT:** YES, SIR.

**THE COURT:** SUPERVISED RELEASE IS A PERIOD OF SUPERVISION DURING WHICH YOU MUST COMPLY WITH CERTAIN RULES. IF YOU DON'T FOLLOW THOSE RULES SUPERVISED RELEASE CAN BE REVOKED.  YOU CAN BE INCARCERATED AGAIN WITHOUT CREDIT FOR ANY

TIME YOU MAY HAVE ALREADY SERVED ON YOUR TERM OF POST-RELEASE SUPERVISION; DO YOU UNDERSTAND THAT?

THE DEFENDANT:  YES, SIR.

THE COURT:  ALSO, I MUST CONSULT THE UNITED STATES SENTENCING GUIDELINES IN SENTENCING YOU, MR. JACKSON, AND I WILL DO THAT.  BUT I'M NOT BOUND BY THE GUIDELINES.  THE SENTENCE I ACTUALLY IMPOSE MAY BE GREATER OR LESSER THAN THE GUIDELINES; DO YOU UNDERSTAND THAT?

THE DEFENDANT:  YES, SIR.

THE COURT:  ALSO, IF YOU DO PLEAD GUILTY, YOU WILL FORFEIT TO THE UNITED STATES ANY PROPERTY WHICH CONSTITUTES OR IS DERIVED FROM PROCEEDS TRACEABLE TO THE OFFENSE AND ANY PROPERTY USED OR INTENDED TO BE USED TO FACILITATE THE COMMISSION OF THE OFFENSE; DO YOU UNDERSTAND THAT?

THE DEFENDANT:  YES, SIR.

THE COURT:  I NEED TO MAKE SURE YOU'RE DOING THIS VOLUNTARILY, MR. JACKSON.  HAS ANYBODY THREATENED YOU --

THE DEFENDANT:  NO, SIR .

THE COURT:  -- FORCED YOU TO PLEAD GUILTY --

THE DEFENDANT:  NO, SIR.

THE COURT:  -- SAID THAT IF YOU DON'T PLEAD GUILTY SOME OTHER ADVERSE ACTION WOULD BE TAKEN AGAINST YOU OR SOME OTHER CHARGE WOULD BE BROUGHT AGAINST YOU?

THE DEFENDANT:  NO, SIR.

THE COURT:  HAS ANYBODY MADE ANY PROMISES TO GET YOU

TO PLEAD GUILTY?

**THE DEFENDANT:** NO, SIR.

**THE COURT:** ARE YOU PLEADING GUILTY BECAUSE YOU ARE, IN FACT, GUILTY OF THE CHARGED OFFENSE AND FOR NO OTHER REASON?

**THE DEFENDANT:** YES, SIR.

**THE COURT:** DID YOU AND MS. CONNER TALK ABOUT HOW THOSE SENTENCING GUIDELINES MIGHT APPLY IN YOUR CASE?

**THE DEFENDANT:** YES, SIR.

**THE COURT:** DO YOU UNDERSTAND THAT ANY ESTIMATE MS. CONNER HAS GIVEN YOU IS JUST THAT. I'M NOT BOUND BY THAT. THE SENTENCE I ACTUALLY IMPOSE MAY BE DIFFERENT THAN ANY SENTENCE -- I MEAN ANY ESTIMATE THAT MS. CONNER HAS GIVEN TO YOU; DO YOU UNDERSTAND THAT?

**THE DEFENDANT:** YES, SIR.

**THE COURT:** ALSO, UNDER CERTAIN CIRCUMSTANCES THE GOVERNMENT MAY HAVE THE RIGHT TO APPEAL A SENTENCE THAT I IMPOSE; DO YOU UNDERSTAND THAT?

**THE DEFENDANT:** YES, SIR.

**THE COURT:** FINALLY, PAROLE HAS BEEN ABOLISHED IN THE FEDERAL SYSTEM, SO IF YOU ARE SENTENCED TO PRISON, YOU WILL NOT BE RELEASED ON PAROLE; DO YOU UNDERSTAND THAT?

**THE DEFENDANT:** YES, SIR.

**THE COURT:** ALL RIGHT. AT THIS TIME I'M GOING TO ASK MR. MORRIS TO READ THE FACTUAL BASIS, WHICH IS LENGTHY, MR. JACKSON. BUT ON THE OTHER HAND, IT'S IMPORTANT THAT YOU

LISTEN CAREFULLY, BECAUSE AT THE END OF THIS I'M GOING TO ASK YOU IS THAT WHAT HAPPENED AND WHAT YOU DID, OKAY?

**THE DEFENDANT:** YES, SIR.

**MR. MORRIS:** "BETWEEN IN OR ABOUT 2021, CONTINUING UNTIL ON OR ABOUT JUNE 14TH, 2023, IN THE MIDDLE DISTRICT OF LOUISIANA, THE DEFENDANT DID CONSPIRE AND AGREE WITH OTHERS TO KNOWINGLY AND INTENTIONALLY DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE A MIXTURE AND SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF COCAINE, A SCHEDULE II CONTROLLED SUBSTANCE, AND DID AID AND ABET IN THE COMMISSION OF SUCH CONSPIRACY."

"DURING THE COURSE OF THE CONSPIRACY, THE DEFENDANT USED VEHICLES WITHIN THE MIDDLE DISTRICT OF LOUISIANA TO DISTRIBUTE COCAINE ON BEHALF OF A CO-CONSPIRATOR, WOULD USE TELEPHONES TO DISCUSS, NEGOTIATE AND ARRANGE THE SALE AND PURCHASE OF CONTROLLED SUBSTANCES AND TO FACILITATE THE EXCHANGE OF MONEY RELATED TO THE BUYING AND SELLING OF CONTROLLED SUBSTANCES, WOULD USE PUBLIC AND PRIVATE PLACES TO ARRANGE AND COMPLETE NARCOTICS-RELATED TRANSACTIONS AND WOULD TAKE ACTIONS TO EVADE LAW ENFORCEMENT AND PROTECT THE DRUG TRAFFICKING CONSPIRACY, INCLUDING TALKING IN CODE, MEETING IN SECRET, AND HIDING THE DRUGS AND PROCEEDS FROM DRUG SALES."

"SPECIFICALLY, ON MAY 10TH, 2023, TITLE III INTERCEPTED CALLS REVEALED CO-CONSPIRATOR "A" AND A CUSTOMER ARRANGING A DRUG DEAL.  THE CUSTOMER ADVISED HE WOULD LEAVE THE MONEY FOR THE DEAL IN HIS TRUCK NEAR HIS BUSINESS.

SURVEILLANCE UNITS CONFIRMED THE CUSTOMER'S TRUCK WAS AT HIS BUSINESS.  CO-CONSPIRATOR "A" THEN CALLED CO-CONSPIRATOR "B" AND ORDERED THREE, QUOTE, BALLS, OR 10.5 GRAMS OF COCAINE. CO-CONSPIRATOR "A" SUBSEQUENTLY CALLED THE DEFENDANT AND ASKED HIM TO FACILITATE THE TRANSACTION WITH THE CUSTOMER.  THE DEFENDANT AGREED AND ADVISED HE WAS EN ROUTE TO THE CUSTOMER'S BUSINESS.  THE DEFENDANT THEN RETRIEVED THE MONEY FROM THE CUSTOMER'S BUSINESS AND RETRIEVED THE COCAINE FROM CO-CONSPIRATOR "B".

"SURVEILLANCE UNITS FOLLOWED THE DEFENDANT TOWARDS PORT ALLEN -- THE PORT ALLEN AREA, WHERE IT WAS BELIEVED THAT THE DEFENDANT WOULD DELIVER THE COCAINE TO THE CUSTOMER.  WHILE EN ROUTE, THE DEFENDANT WAS STOPPED BY BATON ROUGE POLICE DEPARTMENT OFFICERS.  OFFICERS WERE UNABLE TO LOCATE THE COCAINE AND THE DEFENDANT WAS RELEASED.  HOWEVER, FURTHER SURVEILLANCE REVEALED THE DEFENDANT PROCEED TO THE CUSTOMER'S RESIDENCE, STOP IN FRONT OF THE MAILBOX AND SUBSEQUENTLY LEAVE THE AREA.  INTERCEPTED CALLS THE FOLLOWING DAY REVEALED THE DEFENDANT TELLING CO-CONSPIRATOR "A" THAT HE HAD ALMOST BEEN CAUGHT AND HE ALSO MENTIONED HOW LUCKY HE WAS. ALSO, CO-CONSPIRATOR "A" MENTIONED IN A CALL TO ANOTHER INDIVIDUAL THAT SQUALLY HAD, QUOTE, DOPE ON HIM THE PREVIOUS NIGHT."

**THE COURT:**  DID YOU UNDERSTAND WHAT MR. MORRIS JUST READ?

**THE DEFENDANT:** YES, SIR.

**THE COURT:** IS THAT WHAT HAPPENED AND WHAT YOU DID?

**THE DEFENDANT:** YES, SIR.

**THE COURT:** AS TO COUNT 1 IN THE INDICTMENT, CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES: FIRST, THAT TWO OR MORE PERSONS, DIRECTLY OR INDIRECTLY, REACHED AN AGREEMENT TO DISTRIBUTE AND TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE, AND TO AID AND ABET THE COMMISSION OF THAT CONSPIRACY.

THE ELEMENTS OF THE CRIME OF POSSESSION WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES ARE: (A) THAT SOMEONE KNOWINGLY POSSESSED A CONTROLLED SUBSTANCE. (B) THAT THE SUBSTANCE WAS, IN FACT, COCAINE, AND (C) THAT THE PERSON POSSESSED THE SUBSTANCE WITH THE INTENT TO DISTRIBUTE IT. MEANING, THAT HE POSSESSED IT WITH THE INTENT TO DELIVER OR TRANSFER POSSESSION OF A CONTROLLED SUBSTANCE TO ANOTHER PERSON WITH OR WITHOUT ANY FINANCIAL INTEREST IN THE TRANSACTION.

THE ELEMENTS OF THE CRIME OF DISTRIBUTION OF CONTROLLED SUBSTANCES ARE: (A) THAT THE PERSON DISTRIBUTED CONTROLLED SUBSTANCES TO ANOTHER AS DEFINED ABOVE. (B) THAT THE SUBSTANCES WAS IN FACT -- THAT THE SUBSTANCE WAS, IN FACT, COCAINE. (C) THAT THE PERSON KNEW THAT WHAT HE WAS DISTRIBUTING WAS A CONTROLLED SUBSTANCE, AND (D) THAT THE PERSON ACTED INTENTIONALLY, THAT IS, WITH HIS CONSCIOUS OBJECT TO TRANSFER THE CONTROLLED SUBSTANCE TO ANOTHER PERSON.

SECOND, THAT YOU KNEW OF THE UNLAWFUL PURPOSE OF THE AGREEMENT AND, THIRD, THAT YOU JOINED IN THE AGREEMENT WILLFULLY, THAT IS, WITH THE INTENT TO FURTHER ITS UNLAWFUL PURPOSE.  IS WHAT I JUST READ WHAT YOU DID?

**THE DEFENDANT:**  YES, SIR.

**THE COURT:**  MS. CONNER, DID YOU EXPLAIN THE CHARGE -- THE CHARGES TO MR. JACKSON?

**MS. CONNER:**  I HAVE, YOUR HONOR.

**THE COURT:**  ARE YOU SATISFIED THAT HE KNOWS WHAT HE'S CHARGED WITH?

**MS. CONNER:**  YES.

**THE COURT:**  DID YOU HAVE A FULL OPPORTUNITY TO INVESTIGATE THE FACTS AND LAW APPLICABLE TO HIS CASE AS WELL AS ANY POSSIBLE DEFENSES AND ADVISE HIM OF THOSE?

**MS. CONNER:**  YES, I DID.

**THE COURT:**  DO YOU JOIN WITH HIM IN HIS DECISION TO PLEAD GUILTY?

**MS. CONNER:**  YES.

**THE COURT:**  ARE YOU SATISFIED HE'S PLEADING GUILTY VOLUNTARILY AND WITH FULL KNOWLEDGE AND UNDERSTANDING OF THE CONSEQUENCES OF HIS PLEA?

**MS. CONNER:**  I AM.

**THE COURT:**  HAVE YOU MADE ANY REPRESENTATIONS TO HIM AS TO THE ACTUAL SENTENCE I WILL IMPOSE?

**MS. CONNER:**  NO, I HAVE NOT.

**THE COURT:** MR. JACKSON, DID YOU UNDERSTAND THE QUESTIONS I JUST ASKED MS. CONNER AND HER RESPONSES?

**THE DEFENDANT:** YES, SIR.

**THE COURT:** DO YOU HAVE ANY QUESTIONS, CONCERNS OR COMMENTS ABOUT EITHER MY QUESTIONS OR HER ANSWERS?

**THE DEFENDANT:** YES, SIR.

**THE COURT:** DO YOU HAVE ANY QUESTIONS, CONCERNS OR COMMENTS ABOUT EITHER MY QUESTIONS OR HER ANSWERS?

**THE DEFENDANT:** NO, SIR.

**THE COURT:** SO I ASK YOU AGAIN, DO YOU FULLY UNDERSTAND THE CHARGES FILED AGAINST YOU AND THE ELEMENTS OF THE OFFENSES AS I HAVE EXPLAINED THEM TO YOU?

**THE DEFENDANT:** YES, SIR.

**THE COURT:** DO YOU UNDERSTAND THE CONSEQUENCES OF YOUR GUILTY PLEA?

**THE DEFENDANT:** YES, SIR.

**THE COURT:** ARE YOU PLEADING GUILTY BECAUSE YOU ARE, IN FACT, GUILTY OF THE CHARGES DESCRIBED IN THE FIRST SUPERSEDING INDICTMENT?

**THE DEFENDANT:** YES, SIR.

**THE COURT:** ARE YOU PLEADING GUILTY VOLUNTARILY AND OF YOUR OWN FREE WILL?

**THE DEFENDANT:** YES, SIR.

**THE COURT:** IN VIEW OF THE FACTUAL BASIS PRESENTED BY THE GOVERNMENT, AND BECAUSE YOU ACKNOWLEDGE THAT YOU ARE, IN

FACT, GUILTY AS CHARGED IN COUNT 1 OF THE FIRST SUPERSEDING INDICTMENT, I'M SATISFIED THERE'S AN ADEQUATE FACTUAL BASIS FOR THE PLEA.  ONCE MORE, MR. JACKSON, FOR THE RECORD, HOW DO YOU PLEAD TO COUNT 1 OF THE FIRST SUPERCEDING INDICTMENT, GUILTY OR NOT GUILTY?

THE DEFENDANT:  GUILTY.

THE COURT:  IT IS THE FINDING OF THIS COURT IN THE CASE OF THE *UNITED STATES VERSUS JASON JACKSON*, THAT THE DEFENDANT IS FULLY COMPETENT AND CAPABLE OF ENTERING AN INFORMED PLEA.  THAT THE DEFENDANT IS AWARE OF THE NATURE OF THE CHARGES AND THE CONSEQUENCES OF THE PLEA AND THE MAXIMUM POSSIBLE PUNISHMENT.  THE COURT FURTHER FINDS THAT THE PLEA OF GUILTY IS MADE KNOWINGLY AND VOLUNTARILY AND IS SUPPORTED BY AN INDEPENDENT BASIS IN FACT AS TO EACH OF THE ESSENTIAL ELEMENTS OF THE OFFENSE.  THE PLEA OF GUILTY IS THEREFORE ACCEPTED AND THE DEFENDANT IS NOW ADJUDGED GUILTY OF THE OFFENSE.

MR. JACKSON, WHAT'S GOING TO HAPPEN NEXT IS THE PROBATION OFFICE IS GOING TO CONDUCT AN INVESTIGATION INTO YOUR BACKGROUND.  THEY'LL GIVE THAT TO ME AND I'LL KNOW SOMETHING ABOUT YOU BEFORE I SENTENCE YOU.  THEY'RE GOING TO COME TO YOU AND ASK FOR INFORMATION FROM YOU.  WILL YOU COOPERATE WITH THEM WHEN THEY DO THAT?

THE DEFENDANT:  YES, SIR.

THE COURT:  ANYTHING FURTHER FROM THE GOVERNMENT?

MR. MORRIS:  NO, YOUR HONOR.  THANK YOU.

THE COURT:  FROM THE DEFENDANT?

MS. CONNER:  NO, YOUR HONOR.

THE COURT:  THE DEFENDANT IS REMANDED TO THE CUSTODY OF THE UNITED STATES MARSHAL.

*(WHEREUPON, THE COURT WAS ADJOURNED)*

C E R T I F I C A T E

I, GINA DELATTE-RICHARD, CCR, OFFICIAL COURT REPORTER FOR THE UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF LOUISIANA, CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT, TO THE BEST OF MY ABILITY AND UNDERSTANDING, FROM THE RECORD OF THE PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

*Gina Delatte-Richard*

GINA DELATTE-RICHARD, CCR

OFFICIAL COURT REPORTER